```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 02-2013(DSD/SRN)
```

Twin Cities Galleries, LLC,
Larry J. DiGiovanni, and
Susan M. DiGiovanni,

       Petitioners,

v.                                                                      **ORDER**

Media Arts Group, Inc.,
Lightpost Publishing, Inc.,
Magi Sales, Inc., Richard
F. Barnett, Thomas Kinkade
and Kenneth E. Raasch,

       Respondents.

       J. Michael Dady, Esq., Dannell K. Olson, Esq., John D. Holland, Esq. and Dady and Garner, 80 South Eighth Street, Suite 4000, Minneapolis, MN 55402, counsel for petitioners.

       Craig P. Miller, Esq., Gray Plant, Mooty, Mooty & Bennett, 80 South Eighth Street, Minneapolis, MN 55402; Craig S. Rutenberg, Esq. and Alschuler, Grossman, Stein & Kahan, 4th Floor, North Tower, 1620 26th Street, Santa Monica, CA 90404 and William L. Killion, Esq. and Faegre & Benson, 90 South Seventh Street, Minneapolis, MN 55402, counsel for respondents.

       This matter is before the court upon respondents' motion to stay the court's order dated February 13, 2006, pending their appeal of that order to the Eighth Circuit Court of Appeals. After a review of the file, record and proceedings herein, and for the reasons stated, the court grants respondents' motion.

**BACKGROUND**

On February 13, 2006, the court vacated a May 3, 2005, arbitration award upon its conclusion that the award violated Minnesota's public policy of protecting its franchisees from waiving the protections of the Minnesota Franchise Act ("MFA") through contractual choice-of-law provisions. In vacating the award, the court ordered the parties to submit petitioners' MFA claims to a panel of the American Arbitration Association ("AAA") pursuant to the terms of the parties' arbitration agreements.

On March 10, 2006, petitioners filed a second demand for arbitration with the AAA. (See Taylor Aff. Ex. C.) On March 13, 2006, respondents filed a notice of appeal and appealed the court's February 13 order to the Eighth Circuit Court of Appeals. On March 26, 2006, respondents submitted a written request to the AAA that the parties' second arbitration be stayed pending resolution of their appeal. (Id. Ex. D.) Petitioners opposed that request. (Id. Ex. E.) Respondents now move the court to stay enforcement of its February 13, 2006, order and to stay the second AAA arbitration. In response, petitioners oppose respondents' motion to stay, challenge the appealability of the February 13 order and request the court's clarification as to whether the court

(1) vacated the entire arbitration award and (2) intended that the second arbitration would proceed before a new panel of arbitrators in the state of Minnesota.[1]

## DISCUSSION

**I.  Jurisdiction**

The court has an "'inherent power to determine as a preliminary matter its own subject matter jurisdiction.'" Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (quoting Gaines v. Nelson, 932 F.2d 729, 731 (8th Cir. 1991)).  The filing of a notice of appeal is "an event of jurisdictional significance" that confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. Liddell v. Bd. of Educ., 73 F.3d 819, 823 (8th Cir. 1996) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). For efficacious reasons a "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  Hunter, 362 F.3d at 475.  A district court that is divested of jurisdiction may not reexamine or supplement the order appealed.  Missouri v. Coeur D'Alene Tribe, 164 F.3d

---

[1] The parties have apprised the court, via letters, that they have also submitted their current disputes to the AAA, including whether the arbitration should be stayed.  On May 10, 2006, the AAA informed the parties that, absent prior action by the court, those disputes will be referred to the original California arbitral panel for resolution on May 24, 2006.

1102, 1106 (8th Cir. 1999). When the question of appealability is in doubt, the court is to "stay its hand" until the appellate court resolves the issue. Id. at 1106-07.

As to respondents' motion to stay, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Emerson Elec. Co. v. Black & Decker Mfg. Co., 606 F.2d 234, 237 n. 6 (8th Cir. 1979) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); see also Fed. R. Civ. P. 62(c), (d). Accordingly, notwithstanding the appeal, the court retains jurisdiction to resolve respondents' motion to stay and maintain the status quo pending appeal. However, the court will not address petitioners' challenge to the appealability of the February 13 order.[2] See Coeur D'Alene Tribe, 164 F.3d at 1106-07. Furthermore, the filing of the notice of appeal divested the court of jurisdiction to clarify or reexamine the conclusions or directives contained in the February 13 order. Therefore, the court also declines to address petitioners' clarification requests.

---

[2] Petitioners also challenge the propriety of respondents' filing of the motion to stay with this court, as opposed to the Eighth Circuit Court of Appeals. Pursuant to Federal Rule of Appellate Procedure 8(a), "[a] party must ordinarily move first in the district court for ... a stay of the judgment or order of a district court pending appeal." Accordingly, the court finds no merit in petitioners' argument that respondents improperly filed their motion to stay with this court.

**II.  Motion to Stay**

The court considers the following four factors in determining whether to grant a motion to stay pending appeal: (1) the likelihood of the movant's success on the merits, (2) whether the movant will be irreparably harmed absent a stay, (3) whether issuance of the stay will substantially injure the non-moving party and (4) the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Shrink Mo. Gov't PAC v. Adams, 151 F.3d 763, 764 (8th Cir. 1998). As the moving party, respondents bear the burden to prove all four factors. See James River Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir. 1982) (per curiam).

Typically, the likelihood of success on the merits is the most significant factor. S&M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992). Respondents and petitioners both set forth cogent arguments regarding the likelihood of respondents' success on appeal, all of which the court previously considered in issuing its February 13 order.[3] The court need not, however, address the

---

[3] The only new argument set forth by the parties concerns the significance of an order dated February 15, 2006, by Magistrate Judge Susan Richard Nelson in the case of National Agri-Services Inc. v. AGCO Corporation, District of Minnesota, No. 04-CV-4530 (JMR/FLN). Magistrate Judge Nelson engaged in a choice-of-law analysis and denied the plaintiff's motion to amend the complaint to plead punitive damages under South Dakota law. In doing so, the magistrate judge addressed an argument regarding the impact of the anti-waiver provision of the South Dakota Implement and Equipment Dealers Act on the parties' contractual choice of law and her choice-of-law analysis. See S.D. Codified Laws § 37-5-11. Due to its procedural posture, the court finds that Magistrate Judge
(continued...)

merits of the parties' respective positions because the court finds that all three of the remaining factors weigh decisively in favor of staying the second AAA arbitration. See Watt, 680 F.2d at 544 (expressing opinion on merits unnecessary where balance of equities favors granting stay).

As to the second factor, respondents argue that denying the stay will result in irreparable injury because they would be required to invest significant time, costs and resources towards a second arbitration that may prove to be superfluous if they are successful on appeal. The court agrees. In response, petitioners attempt to minimize the cost, expense and potential futility of the second arbitration by asserting that it will be brief due to their perception of the strength of their MFA claims. However, petitioners' assertions presuppose (1) that respondents will not be successful on their appeal, (2) that petitioners will be successful in the second arbitration and (3) that their success will be quickly attained. The court finds that such predictive assertions are too attenuated to overcome the irreparable harm that respondents have identified. Therefore, the second factor weighs in favor of staying the arbitration.

---

[3](...continued)
Nelson's order does not weigh decidedly in either party's favor regarding the likelihood of respondents' success on appeal. However, to the extent the order touches upon the issues involved on appeal, Magistrate Judge Nelson's order is consistent with respondents' position and would weigh in favor of their likelihood of success.

6

As to the third factor, respondents argue that the only harm petitioners may suffer as a result of the stay is a relatively brief delay in the second arbitral process in order to determine whether that arbitration is necessary. In response, petitioners argue that they do not want to await resolution of the appeal due to their current financial situation and desire to quickly resolve the parties' disputes. (<u>See</u> DiGiovanni Aff. ¶¶ 1-6.) The state of petitioners' finances, however, will not be directly affected by deferring the second arbitration. Furthermore, the court finds that petitioners' impatience with the court system's resolution of an issue they raised in the first instance is not a type of harm sufficient to warrant denying a stay. Petitioners have not identified a direct manner in which staying the second arbitration will cause them substantial injury. Accordingly, the court finds that the third factor also weighs in favor of issuing a stay.

Lastly, the court finds that staying enforcement of the February 13 order and the second arbitration will best serve the public interest in promoting efficient and inexpensive dispute resolution. In opposing the stay petitioners rely heavily on the public interest in enforcing contractual arbitration agreements and expediting dispute resolution. However, neither of those interests are well served when the ultimate necessity of an arbitration is uncertain. Requiring the parties, their respective counsel and the AAA to expend time, energy and resources in proceeding with an

arbitration that may ultimately prove futile if respondents are successful on appeal is not in the public interest.  Rather, staying enforcement of the court's February 13 order and the second arbitration will best secure a "just, speedy, and inexpensive determination" of this action.  See Fed. R. Civ. P. 1.  Therefore, the public interest weighs in favor of granting the stay.

For all of the foregoing reasons, the court grants respondents' motion to stay.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Respondents' motion to stay [Docket No. 62] is granted.

2.   The court's order dated February 13, 2006, [Docket No. 53], and the arbitration proceeding commenced by petitioners with the American Arbitration Association are hereby stayed pending resolution of respondents' appeal to the Eighth Circuit Court of Appeals.

Dated:  May 15, 2006

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court